UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TILE & STONE TRADING, INC., a
Florida corporation, and
GIUSEPPE GATTI, individually,

           Plaintiffs

v

GOLD ART CERAMICA, an
Italian company, Marco BENEDETTI,
ITALCER, an Italian company,
GIUSEPPE BESANI, individually, VOGA
IMPORT EXPORT, a Canadian company,
and Hector BOTTA, individually,
           Defendants

01-2596

01 JUN 20 PM 1:59

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for breach of contract, interference with business relations, civil theft, unjust enrichment, unfair trade practices, accounting, and injunctive relief under federal and Florida state law. Plaintiffs, TILE & STONE TRADING, INC (hereafter "TST"), and GIUSEPPE GATTI (hereafter "GATTI"), by and through the undersigned counsel, hereby sue Defendants GOLD ART CERAMICA S.p.A., MARCO BENEDETTI, ITALCER, GIUSEPPE BESANI, VOGA IMPORT EXPORT, and HECTOR BOTTA, and allege the following:

### PARTIES

1. Plaintiff, TST is a Georgia corporation registered under the laws of the State of Florida which has its principal place of business at 7330 S.W. 42nd Street, Miami, Florida 33155.

2. GIUSEPPE GATTI is an individual residing in the State of Florida, in the County of Miami Dade, who serves as chief officer and sole director of TST

3. Defendant GOLD ART CERAMICA S.p.A. (hereafter "GOLD ART") is a company organized and existing under the laws of Italy having its principal place of business at Via Giardini Nord, 231/233, 41026 Pavullo MO, Italy, and doing business in the State of Florida as a manufacturer and vendor of ceramic tiles sufficient to give rise to personal jurisdiction in this forum.

4. Defendant MARCO BENEDETTI (hereafter "BENEDETTI") is an individual residing in the country of Italy, who currently serves as the chief officer of GOLD ART.

5. Defendant, ITALCER (hereafter "ITALCER") is, on information and belief, a company organized and existing under the laws of the country of Italy, having offices at Via Pedemontana 3, 41049, Sassuolo MO ITALY, and doing business through its employees and/or agents in the State of Florida as a distributor of ceramic tile sufficient to give rise to personal jurisdiction in this forum.

6. Defendant, GIUSEPPE BESANI (hereafter "BESANI") on information and belief, is an individual residing in the State of Florida and in Montreal, CANADA, and is a sales agent of ITALCER, and doing business in the State of Florida as a distributor of ceramic tile sufficient to give rise to personal jurisdiction in this forum.

7. Defendant, VOGA IMPORT EXPORT (hereafter "VOGA") is, on information and belief, a company organized and existing under the laws of the country of Canada, having offices at 6269 La Coursiere, St. Leonard, Quebec H1P 2Y1 CANADA, and doing business through its employees and/or agents in the State of Florida as a distributor of ceramic tile sufficient to give rise to personal jurisdiction in this forum.

8. Defendant, HECTOR BOTTA (hereafter "BOTTA") is an individual residing in the

2

State of Florida, who previously worked as a sales employee of TST, and on or about July 2000, left his employment at TST, and a few months later became as sales agent of ITALCER, shortly after it acquired the largest client of TST, and has done business in the State of Florida as a salesman of ceramic tile sufficient to give rise to personal jurisdiction in this forum..

9. Plaintiff is informed and believes and thereon alleges that there exists, and at all times relevant hereto there existed a unity of interest and ownership between and among defendants GOLD ART, ITALCER, BENEDETTI and BESANI, such that any individuality and separateness have ceased, and that the defendant businesses GOLD ART & ITALCER are the alter egos of defendant BENEDETTI, in that:

a. the defendant corporation GOLD ART and ITALCER were intended and used by defendant BENEDETTI in part as a device to avoid individual liability;

b. On information and belief, Defendants GOLD ART and ITALCER are completely controlled, dominated, managed and operated by BENEDETTI to suit his convenience;

c. On information and belief, ITALCER is a mere shell, instrumentality and conduit through which defendant BENEDETTI carries on business, exercising complete control and dominance of such businesses to such extent that any individuality or separateness of GOLD ART and ITALCER does not, and at all times herein mentioned did not, exist.

10. Adherence to the fiction of the separate existence of GOLD ART and ITALCER as entities distinct from defendant BENEDETTI would permit abuse of the corporate privilege and would sanction fraud and promote injustice.

## JURISDICTION

11. This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. Section

3

1332 because the amount in controversy exceeds $75,000 and the parties are citizens of Florida and of foreign states.

12.  Venue is laid in the Southern District of Florida pursuant to 28 U.S.C. S 1391, and under Florida's long arm jurisdiction pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida, because defendants' conduct results in actionable conduct within the Southern District of Florida.

## BACKGROUND ALLEGATIONS

13.  TST is a company operating in Miami-Dade County, Florida, which engages in the importation of tile and marble products to the United States from Italy.

14.  GOLD ART is a manufacturer of ceramic tile products in Pavullo, Italy.

### Exclusivity Relationship between TST and GOLD ART

15.  On or about October 1998, TST entered into a business relationship with GOLD ART to sell its products in the U.S. market, primarily selling one product under an exclusivity arrangement, "Rocks" under the label of "TST", but also selling other products of GOLD ART to TST's distributor customers.

16.  TST worked to increase GOLD ART's market penetration in the Florida market, investing in promotion, printing, advertising, free samples and other marketing expenses necessary to create a demand for the GOLD ART product line in the U.S.

17.  TST exhibited and promoted the GOLD ART "Po" and "Rocks" lines at shows and with distributors, bearing its own expenses for such promotion.

18.  As a result of the efforts of TST, these ceramic tiles were successfully introduced

4

into the U.S. market, and U.S. sales of the product grew substantially.

19. TST received various defective batches of product from GOLD ART which not only cost TST loss of sales and reputation, but also required it to provide credits, refunds, return shipping costs and/or replacement product, and GOLD ART paid no compensation for these losses.

20. To preserve its goodwill in the market, TST provided warranty replacement products at no charge to customers with application or performance problems, thus enhancing the reputation of GOLD ART product lines sold through TST with U.S. distributors.

21. These credits for broken and defective product caused substantial losses to GOLD ART, through refunds and credit memos totalling over $120,000.

22. The DEFENDANTS have profited on the good will that was created during TST's time as GOLD ART's U.S. importer.

23. To facilitate sales and assist expansion of its U.S. market, GOLD ART decided to extend TST's payment terms into a line of credit.

24. In 1999, TST began marketing its products to International Wholesale Tile, Inc.("International"), and beginning on or about April 1999, TST began selling GOLD ART products to International under the TST label and/or otherwise.

25. TST obtained International as a customer solely through its own efforts, and, on information and belief, International had no contact with nor knowledge of GOLD ART products prior to being introduced to them through TST.

26. On or about July 18, 2000, GOLD ART sent a correspondence to TST, attached hereto as Exhibit "A", that recognized an exclusivity relationship between the two companies with

5

respect to the sale of some ceramic products manufactured by GOLD ART.

27. This letter, written in Italian, addresses the exclusivity relationship, and, as translated, states:

> Dear Giuseppe,
> By this letter I inform you that because of the continued growth of the cost of the production, I am forced to give you a higher price starting August 1, 2000, as follows: [prices listed after].
> Also, because of the conflict of interest existing and found with our direct customers in U.S.A., we ask you not to sell any longer the products shown in the Gold Art Catalog. You may sell only your products (e.g. "Rocks"...) I will be very happy if you want to start a one or two maximum line of products in two different colors, each in exclusivity with your trademark, in order to separate your line from the line of Gold Art
> I remind you that I am expecting to receive the payment of the past due invoices totaling Lit. 450,000,000.00.
> Please feel free to ask me for more information
> Regards, Marco Benedetti

28. Following receipt of this letter, Mr. Gatti contacted Mr. Benedetti, and accepted his offer to sell exclusively some products which were marketed under the name "TST" or "Tile & Stone Trading" and discontinue selling products listed in the GOLD ART catalog, ultimately expanding its sale of one line of products, called "Rocks", in four colors and two sizes under the TST label.

29. Under the arrangement between the parties, Defendant GOLD ART manufactured the ceramic tiles, and boxed them in Italy with the TST label stamped on the side of the box, and then shipping was arranged by TST to its customers in the United States.

### Misappropriation of TST's Assets After Development of U.S Market

30. The arrangement continued for the next few months, until September 14, 2000, when Giuseppe GATTI received a facsimile letter (See Exhibit "B" hereto) from International Wholesale Tile, Inc., its largest customer, informing him that the company had learned that one of

its customers, TripTile, Corp., had received a full container of the "Rocks" ceramic tile products directly from Italy in TST boxes. As a result, International had lost a client that had been purchasing 3 to 4 pallets per week of the product.

31. GATTI and TST later established that the sales to International had been lost because the manufacturer, GOLD ART had decided to sell its product in the United States through another Italian company, Defendant ITALCER, which on information and belief is related by ownership or otherwise affiliated in a profit-sharing arrangement with GOLD ART, in violation of its exclusivity relationship with TST

32 After having sold the TST tiles to one of International's best customers, TripTile, Corp, GOLD ART through ITALCER made an arrangement whereby it would sell its products directly to International at a lower price than International had previously paid to TST for the same product, so International stopped all purchase of GOLD ART ceramic times through TST.

33. As a result of this interference with TST's business relationship with International, International lost confidence in TST, and reduced its purchases of non-GOLD ART products also, resulting ultimately in a complete loss of TST sales to that customer.

34. This loss of income to TST was substantial, as demonstrated by the fact that sales to International in the year 2000, prior to the interference, was over $1 million for purchase of ceramic tiles, all of which were sales of GOLD ART products, and that sales to International through April 2001, in stark contrast, were only approximately $20,000.

35. Having built a strong base relationship with International, TST was expanding its business with International with other product lines, particularly marble, with special placement of its marble product promotions in International's catalogs, and which business opportunity was

7

lost because of the actions of defendants.

36. TST's relationship with International could have been very profitable since International has a large sales volume of, on information and belief, between $12 and $20 million in sales per year.

37. Further, the loss of reputation with International has spread to other companies, and TST's reputation has been permanently injured as a result of these actions.

38. The actions of GOLD ART have virtually overnight eliminated the possibility of paying down GOLD ART's invoices, because TST's largest source of income, International, has been taken through the actions of the Defendants.

39. Defendant BOTTA was a sales employee of TST in 1999, and was aware of its strong business relationship with International.

40. In the first half of the year 2000, BOTTA's sales dropped significantly, and a decision was made for him to leave TST in July 2000.

41. Prior to leaving in July, BOTTA told Mr. GATTI that he had met with Defendant BESANI, a significant competitor of TST, for lunch, and provided no explanation for this meeting.

42. Less than two months after BOTTA left TST's employ, actions were taken by GOLD ART and, on information and belief, ITALCER and its principal, Mr. BESANI, to interfere with TST's customer, International, and to eventually manipulate the misappropriation of that customer to ITALCER.

43. Following this interference, on information and belief, Mr. BOTTA was hired by ITALCER in November 2000 as a member of its sales force, and shortly thereafter International

8

established a direct sales relationship with ITALCER as its new importer of GOLD ART products.

44. No compensation was ever given to TST or GATTI for the termination of its exclusivity relationship for the "Po" and "Rocks" products, nor for the subsequent appropriation of TST's business assets.

45. TST's performance as importer did not justify its replacement, and on information and belief, GOLD ART was likely motivated by a desire to appropriate TST's customer base and sales force and increase its profits by cutting out the "middleman."

46. Since initiating its sales of GOLD ART products, TST had sold $300,000 to $400,000 in the first year, then increased sales of the products dramatically in the next year to $1,000,000, before its unfair termination by GOLD ART.

47. Had its sales volume continued, and its relationship with International remained undisturbed, it could easily have reduced its debit and maintained it at normal levels; but because of the Defendants' actions, this has been made an impossibility.

## COUNT I:
## BREACH OF CONTRACT
## (GATTI AND TST AGAINST GOLD ART and BENEDETTI)

48. As a complete and independent ground of relief, plaintiffs GATTI and TST allege breach of contract under the laws of the State of Florida, and incorporate by reference paragraphs 1 through 47 herein.

49. This is an action for damages in excess of $4,000,000.00.

50. GOLD ART and TST entered into an exclusive distributorship agreement, the existence of which was confirmed over a period of time by the conduct of the parties.

51. The agreement was confirmed by GOLD ART's marking of all of the boxes of "Po" and "Rocks" ceramic tiles with the name of TST, and by the fact that only TST sold this product in the North American market.

52. The agreement of the parties was further confirmed by the correspondence from BENEDETTI attached hereto as Exhibit "A", which confirmed the exclusive relationship with respect to "Po" and "Rocks," proposed new parameters for the arrangement, and amounted to a proposal to expand the exclusivity arrangement to some additional products within restricted lines.

53. GOLD ART violated the exclusivity arrangement when it interfered with TST's business relationship with International, and began selling its product to a customer of International named TripTile Corp. through ITALCER, in direct violation of the parties' agreement, upon which TST had relied to its detriment.

54. Defendants have clearly profited from the breach of contract, and TST has suffered commensurate losses, for which TST is entitled to damages.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) Plaintiffs are entitled to recover from defendants the damages sustained by them as a result of defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. (B.) That Defendants pay to plaintiffs the costs of this action, including a reasonable attorney's fee and costs to be allowed to plaintiffs by this court under F.S. 57.041; and (C.) That plaintiffs have such other and further relief as is just.

## COUNT II:
## INTERFERENCE WITH BUSINESS RELATIONS
## (GATTI AND TST AGAINST ALL DEFENDANTS)

55. As a complete and independent ground of relief, plaintiffs GATTI and TST allege malicious interference with business relations under the laws of the State of Florida, and incorporate by reference paragraphs 1 through 47 herein.

56. This is an action for damages in excess of $4,000,000.

57. The Defendants intentionally have interfered with contractual relationships of TST, specifically with its business relationship with International, and ultimately harmed TST by appropriating virtually all of TST's profit base from its relationship with International, causing TST a loss of approximately $1 million in sales previously made to International, annually

58. On information and belief, there was no justification for such interference by Defendants, and the interference was motivated solely by unreasonable financial gain and the high likelihood of injury resulting from the conduct was known by the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant.

59. The Defendants continue to profit from their actions of having interfered with Plaintiffs' business relations, and having stolen a substantial portion of its customer base.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) Plaintiffs are entitled to recover from defendants the damages sustained by them as a result of defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiffs are further entitled to recover from defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged; (B.) The conduct of

the Defendants was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Plaintiffs and Plaintiffs are therefore entitled to punitive damages under F.S. Section 768.73 against each of those defendants; (C) That Defendants pay to plaintiffs the costs of this action, including a reasonable attorney's fee to be allowed to plaintiffs by this court, and (D.) That plaintiffs have such other and further relief as is just.

## COUNT III:
## UNJUST ENRICHMENT
## (GATTI AND TST AGAINST ALL DEFENDANTS)

60. As a complete and independent ground of relief, plaintiffs GATTI and TST allege unjust enrichment under the laws of the United States, and incorporate by reference paragraphs 1 through 47 herein.

61. This is an action for damages in excess of $4,000,000.

62. Continuously since GOLD ART's termination of TST's exclusive importer relationship with the company, the Defendants have profited unjustly from customer relationships and other trade secrets misappropriated from the Plaintiffs.

63. The Defendants have been unjustly enriched through their profiting from the illegal acts taken against the Plaintiffs, including interference with contractual relationships and the ultimate appropriation of virtually all of TST's customer base and theft of trade secrets.

64. The Defendants continue to profit from assets that have been taken from Plaintiffs.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) Plaintiffs are entitled to recover from defendants the damages sustained by them as a result of defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiffs are further entitled to recover from defendants the gains, profits, and advantages

they have obtained as a result of their wrongful acts as hereinabove alleged; (B.) The conduct of the Defendants was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Plaintiffs and Plaintiffs are therefore entitled to punitive damages against each of those defendants, (C.) That Defendants pay to plaintiffs the costs of this action, including a reasonable attorney's fee and costs to be allowed to plaintiffs by this court under F.S. 57.041, and (D.) That plaintiffs have such other and further relief as is just.

## COUNT IV:
## UNFAIR TRADE PRACTICES UNDER FLORIDA STATUTES §501.204
## (GATTI and TST AGAINST ALL DEFENDANTS)

65. As a complete and independent ground of relief, plaintiffs claim that defendants' conduct constitutes unfair trade practices under the Florida Unfair Trade Practices Act, F.S. §501.101 et seq, and incorporates by reference paragraphs 1 through 47 herein.

66. This is a claim for injunctive relief under Florida law.

67. As a result of these wrongful acts, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damage to their ownership rights.

68. Defendant's unlawful conduct will continue to damage Plaintiffs and cause irreparable harm and injury unless further action is enjoined by this Court, and Plaintiffs have has no adequate remedy at law.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) That Defendants, their officers, agents, employees, and all other persons acting in concert with them be enjoined from continuing to engaging in business relations with International Wholesale Tile, Inc. as part of the practice of interfering with TST's business relationship with International, and further such unlawful conduct; (B.) That defendants pay to plaintiffs the costs of this action,

including a reasonable attorney's fee and costs to be allowed to plaintiffs by this court under F.S. 57.041; and (C.) That plaintiffs have such other and further relief as is just.

### COUNT V:
### CIVIL THEFT UNDER FLORIDA STATUTES §772.11 AND §812.035
### (GATTI and TST AGAINST ALL DEFENDANTS)

69. As a complete and independent ground of relief, plaintiffs claim that defendants' conduct constitutes Civil Theft under the Florida Statutes §772.11 and 812.035, and incorporates by reference paragraphs 1 through 47 herein.

70. This is a claim for treble damages and injunctive relief under Florida Statutes §772.11.

71. Defendants stole trade secrets of TST and GATTI, as defined in Florida Statutes 688.003, including customer names, contacts, purchase information, and other proprietary information of Plaintiffs which had clear monetary value.

72. On information and belief, Mr. BOTTA, while an employee of TST, stole these trade secrets, and conveyed them to Defendants GOLD ART, ITALCER, BENEDETTI, and BESANI, and the Defendants subsequently used these assets and information to steal the primary customer of TST, International Wholesale Tile, Inc.

73. As a result of these wrongful acts, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damage to their ownership rights.

74. Defendant's unlawful conduct will continue to damage Plaintiffs and cause irreparable harm and injury unless further action is enjoined by this Court, and Plaintiffs have has no adequate remedy at law for future violations by Defendants.

75. Plaintiffs make a claim for treble damages for losses already sustained as a result of

the within described theft, pursuant to Florida Statutes.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) That Defendants, their officers, agents, employees, and all other persons acting in concert with them be enjoined from continuing to engaging in business relations with International Wholesale Tile, Inc. as part of the practice of interfering with TST's business relationship with International, and further such unlawful conduct; (B.) That defendants pay treble damages for the lost profits and other losses sustained as a result of theft; (C) That defendants pay to plaintiffs the costs of this action, including a reasonable attorney's fee and costs to be allowed to plaintiffs by this court under F.S. 57.041; and (D) That plaintiffs have such other and further relief as is just and proper.

## COUNT VI:
## ACCOUNTING REGARDING THEFT OF CUSTOMER ASSETS
## (GATT and TST AGAINST ALL DEFENDANTS)

76. As a complete and independent ground of relief, plaintiffs petition this court for an accounting, and incorporates by reference paragraphs 1 through 47 herein.

77. All defendants have been profiting from the business relationship established with International, since having misappropriated customer information and interfered with that relationship.

78. As a result of such actions, Defendants have received substantial profits, which would have been due Plaintiffs had the interference not occurred.

79. The exact amount of the sums actually received by Defendants from the sales and other commercial exploitation of TST's assets, and the exact amount of profit realized by Defendants is unknown to Plaintiff at this time.

80. These amounts can be determined only by an accounting.

WHEREFORE, Plaintiffs request this Court to grant the following relief: (A.) That Plaintiff be entitled to an accounting by defendants of their activities in connection with their illegal activities and their gross income and profits derived therefrom, including but not limited to all amounts received by defendants from the sales to International, so that Defendants can pay Plaintiffs their rightful share of all profits realized; (B.) That defendants pay to plaintiffs the costs of this action, including a reasonable attorney's fee and costs to be allowed to plaintiffs by this court under F.S. 57.041; and (C.) That plaintiffs have such other and further relief as is just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial for all issues so triable.

Dated this ____ day of June, 2001.

The Law Offices of
RITTER, RITTER, & ZARETSKY
Attorneys for Plaintiffs
555 N.E. 15th Street,
Suite 100
Miami, FL 33132
(305) 372-0933
Facsimile (305) 372-0836

By: _____
Kelley S. Roark
Florida Bar No. 925810

# EXHIBIT A



GOLD ART CERAMICA S.p.A.
41026 Pavullo (Mo)
Via Giardini Nord, 231/233 · Tel. 0536 / 30.17.11 · Fax 0536 / 22.037
Partita IVA · VAT · UST · TVA: IT 01721890084
C.C.I.A.A. MO. 238683 · Reg. Soc. Trib. MO 25752 · C.F. 01193200357
N° MECCANOGRAFICO MO 012243
BANCA BPER FILIALE DI S. ANTONIO DI PAVULLO SWIFT. B.PMO IT 22 · ABI 5387 · CAB 66921 c/c 6430
E-mail: goldart@msn.it

REF:   4033777A001      TUE 18 JUL 00 13:12 GMT

FROM:  GOLD ART CERAMICA SPA
       FAX  + 39 536 22037


                                        Spett/le
                                        TILES AND STONE TRADING, INC.
                                        22 W. BRYAN ST., SUITE 126
                                        SAVANNAH,
                                              GA    31401    U.S.A.


Pavullo 18/07/2000              Ns. Rifer. 2000   3146 del 18/07/00


C.A : SIG. GATTI

CARO GIUSEPPE,
CON LA PRESENTE SONO AD INFORMARTI CHE A CAUSA DELLA
CONTINUA CRESCITA DEI COSTI AZIENDALI, SONO COSTRETTO AD
APPLICARTI UN AUMENTO A PARTIRE DAL 01/09/00 COME SEGUE:

- 34.9X34.9 = DA: LIT. 5200    A: LIT. 5800
- 41.9X41.9 = DA: LIT. 6200    A: LIT. 6700

INOLTRE A CAUSA DI "PESANTI" CONFLITTI D'INTERESSE CHE ABBIAMO
RISCONTRATO TRA I NS. CLIENTI DIRETTI IN U.S.A. TI INVITIAMO
A NON VENDERE ULTERIORMENTE I PRODOTTI DAL CATALOGO GOLD ART
MA DI COMMERCIALIZZARE ESCLUSIVAMENTE I TUOI (ES. ROCKS...).
SAREI LIETO SE TU VOLESSI INTRODURRE 1, MAX 2 SERIE NUOVE DI
MAX 2 COLORI CIASCUNA ESCLUSIVE PER IL TUO MARCHIO IN MODO
DA DIFFERENZIARE LA TUA GAMMA DA QUELLA GOLD ART.

SONO INOLTRE A RICORDARTI CHE ATTENDO IL PAGAMENTO DELLE
FATTURE SCADUTE PER UN AMMONTARE DI LIT.450.000.000.=

SEMPRE A TUA DISPOSIZIONE PER EVENTUALI CHIARIMENTI
SALUTI
MARCO BENEDETTI


END

Last page, 1 page in total

# EXHIBIT B

International Wholesale Tile, Inc.
4401 SW Port Way
Palm City, FL 34990
561-223-5151   Fax 561-223-0837

# facsimile transmittal

To:   GIUSEPPE GATTI                          Fax:   1-305-269-0014

From:   PAUL BOUCHER                          Date:  9/14/2000

Re:   ROCKS EXCLUSIVITY                       Pages:  1

CC:

☑ Urgent     ☐ For Review     ☐ Please Comment     ☑ Please Reply     ☐ Please Recycle

DEAR GIUSEPPE

IT HAS COME TO MY ATTENTION THAT ONE OF OUR CUSTOMERS IN ORLANDO FLORIDA THAT WAS PURCHASING THE ROCKS SERIES FROM US HAS NOW RECEIVED A FULL CONTAINER OF ROCKS DIRECT FROM ITALY. OUR SALESPERSON LARRY WHO COVERS THIS AREA FOR US HAS GONE TO THIS CUSTOMER TRIP TILE AND HAS VERIFIED THAT THE MATERIAL IS ROCKS BEIGE AND ROCKS WHITE 34.9 X 34.9 IN I.S.T. BOXES.

GIUSEPPE, THIS CUSTOMER HAD BEEN PURCHASING 3 TO 4 PALLETS OF MATERIAL A MONTH FROM US AND THE BUSINESS WAS GROWING. NOW OF COURSE THE BUSINESS HAS STOPPED AND WE AREN'T SELLING THEM THE PRODUCT. NOT ONLY HAVE WE LOST SALES AND A CUSTOMER BUT NOW OUR OTHER CUSTOMERS HAVE TO COMPETE AGAINST THEM AND WE WILL LOOSE MORE SALES.

GIUSEPPE, WE WERE GUARANTIED THE EXCLUSIVE RIGHTS TO SELL THIS SERIES FROM YOU AND NOW IT SEEMS THAT YOU CANNOT CONTROL THE SHIPPING OF THIS MATERIAL. IF WE FIND OUT THAT ANYMORE OF THIS MATERIAL IS SHIPPED DIRECT FROM ITALY TO OUR AREA WE WILL HAVE TO DECIDE WEATHER OR NOT TO CONTINUE TO DO BUSINESS WITH YOUR COMPANY.

PLEASE ADDRESS THIS SITUATION AS SOON AS POSSIBLE AND SEND TO ME IN WRITING YOUR COMPANIES RESPONSE.

SINCERELY,

PAUL BOUCHER

PRESIDENT

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

01-

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** TILE & STONE TRADING, INC., a Florida corporation, and GIUSEPPE GATTI, individually

**DEFENDANTS** GOLD ART CERAMICA, an Italian company, Marco BEBEDETTI, ITALCER, an Italian company, GIUSEPPE BESANI, individually, VOGA IMPORT EXPORT, a Canadian company, and Hector BOTTA, Individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

MA: Dade 1:0Cv2596|DMM|TEB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RITTER, RITTER & ZARETSKY     (305) 372-0933
555 NE 15 Street
Miami, FL  33132

ATTORNEYS (IF KNOWN)

FILED by __ D.C.
JUN 20 PM
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|
| ☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party) | PTF DEF  Citizen of This State ☐1 ☐1   Incorporated or Principal Place of Business in This State  PTF ☒4 DEF ☐4 |
| ☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐2 ☐2   Incorporated and Principal Place of Business in Another State ☐5 ☐5 |
| | Citizen or Subject of a Foreign Country ☐3 ☒3   Foreign Nation ☐6 ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | A PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 790 Other Labor Litigation | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | PRISONER PETITIONS | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 510 Motions to Vacate Sentence HABEAS CORPUS: 530 General / 535 Death Penalty / 540 Mandamus & Other / 550 Civil Rights / 555 Prison Condition | 791 Empl. Ret. Inc. Security Act | A OR B |
| | | | 871 IRS - Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

I. Breach of Contract.  II. Interference with Business Relations.  III. Unjust Enrichment  IV. Unfair Trade Practices under Florida Statute 501.204  V. Civil Theft under Florida Stat. 772.11 & 812.035  VI. Accounting Regarding Theft of customer Assets

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** $4,000,000.00   CHECK YES only if demanded in complaint  **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions)
**IF ANY**

DATE 6/1/__   SIGNATURE OF ATTORNEY OF RECORD